United States Courts
Southern District of Texas
FILED

SEP 1 2 2002

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

REFUGIO R. PESINA
    PLAINTIFF,

VS.

GUADALUPE OLVERA, III
    DEFENDANT,

CV-C-02-340

B-02-156

## AMENDED COMPLAINT

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to 28 U.S. § 1331 , 42 U.S.C. § 1981 and The State of Texas statutes corresponding to Common Law Fraud and attorney Malpractice. The amount in controversy exceeds $75,000.00 exclusive of interest and cost. Supplemental/ Pendent Jurisdiction is also invoked via 28 U.S.C. § 1367 regarding Common Law Claims.

2. The claims for relief and cause of action arise under the Civil Rights Act 1866, as enacted via 42 U.S.C. § 1981; as well as The STate of Texas Codes for Fraud and attorney Malpractice.

### II. PARTIES

3. Plaintiff -REFUGIO R. PESINA, is a U.S. Citizen and is domiciled in The STate of Texas , in Harlingen, 78550. Plaintiff is presently located at, P.O. BOX 1000, IL. 62959.

4. Defendant Guadalupe Olvera, III, Esquire ( bar#15278675) is an individual who at all time relevant to this action was practicing law in The State of Texas as an, attorney licensed by the State Bar of Texas and operated under the bars regulations. The Defendant is located at 847 E. Harrison B.OX 46, Brownsville, Tex 78520
The Defendantis fully responsible for his " illegal"acts/ omiss-

tions, which violate federal / state laws. Defendant is sued in "His individual Capacity".

### III. PREVIOUS LAWSUITS

5. Plaintiff has filed no previous lawsuits in connection with these claims or allegations.

### IV. EXHAUSTION OF REMEDIES

6. This is not an action against state nor federal officials; thereby exhaustion of remedies is not required under 42 U.S.C. § 1997(e). Nevertheless, the State Bar of Texas has found the defendant liable of professional misconduct based upon a complaint filed with its organization and the only sanctions made was for his to pay partial restitution and probated suspension for one year. Case #S1010002468.

### V. JURY DEMAND

7. The plaintiff demands trial by jury per F.R.Civ.P. 38.

### VI. STATEMENT OF THE FACTS

8. From at least January 1991 to January 1999 Defendant Olvera (heretofor cited as "defendant") represented more than twenty (20) caucasians in his capacity as a lawyer in state and federal court proceedings in Texas.

9. From Jan. 1991 to 1999, defendant always treated his caucasian clients as prescribed for attorneys by the state bar of Texas regulations for professional conduct and state of Texas statutory codes.

10. From Jan. 1991 to 1999, defendant never overcharged, or tried to swindle any money from his caucasian clients nor misrepresent their defenses or other aspects of case before the courts.

11. From Jan. 1991 to 19999, while practicing in state and federal courts within Texas, defendant never tried to use the race of his caucasian clients nor their ignorance of the law or uneducated state to take advantage of them.

12. On or about June 1993, defendant cheated a Mexican american client out of money due to him being a mexican american who was ignorant of the law.

13. On or about April 1994, defendant's mexican american client filed a

complaint against him for misconduct which was docketed with the State bar of Texas as case #94-10-5893-A. Plaintiff was unsuccessful in obtaining the full complaint from the State Bar of Texas being that the Chief Disciplinary Counsel, the Senior Investigate of the State Bar of Texas stated that he would not continue to respond to Refugio Pesina on the matter, to which the matter at hand was Mr. Guadalupe Olvera.

#14 On 8/11/95, the State Bar of Texas sanctioned Defendant Mr. Olvera to a 6-month "fully probated suspension."

#15. Since 1992, Defendant Olvera had repressented the plaintif on atleast seven other criminal cases processed in Cameron County Courts in Brownsville Texas.

#16. Defendant Mr.Olvera recieved approximently $5,000.°° to represent Plaintiff Pesina in a criminal traspassing -case, an evading arrest - case, and a DWI- case, all cases arrest were made in Harlingen Texas. As part of the $5,000.°° the defendant was also to represent Plaintiff on a "failure to identify"_CAASE

#17. Defendant Olvera failed to honor said contract and finalize ed any of the cases which he was fully paid to represent the plai Plaintiff on. Being that the Defendant disreguerded the request the Plaintiff pleaded that the Defendant return the $5,000.°°, for the cases that occured in the years of 1998-1999, but to no avail Defendant never returned the money.

#18. Defendant had developed an explicit personal cognizance of the Plaintiff and could not have mistaked Plaintiff for no one else, on top of being introduced to the Plaintiff by the Plaintiff's Step-Father Rejinio Elizondo Sir. , who the Defendant was well familure with.

#19. On May 8, 1999 Plaintiff was arrested at the U.S. checkpoint in Sarita Texas, for possession of approximately 35 pounds of cocaine, upon being arrested Plaintiff used his cousin's name Gabriel Guy Hinojosa and when asked if PLaintiff Pesina wished to make a statement, Plaintiff stated that he wished to speak to an attorney.

#20. On May 11. 1999 , Plaintiff called Defendant Attorney Guadalupe Olvera III, as to being held in federal custody under the false name of his cousin, Gabriel Guy Hinojosa,which Defendant told Plaintiff not to mention nothing over the phone, not to worry that he would take care of everything.

#21. Defendant then instructed Plaintiff to have $10,000.°° brought over to his office right away, which Defandant then asked his Mother to do so ,and to make certain that Defendant Olvera make sure that Plaintiff's true name be revealed to the courts at which time Defendant said he would handle the situation.

#22. Defendant accepted the $ 10,000.00 and proceeded as attorney of representation , in Plaintiff's federal case,atwhich defendant on May 10, 1999 , instructed/ counseled the Plaintiff not to say anything purtaining to the false name of Gabriel Hinoj - sa .At that time Plaintiff out of good faith, did as the defendant , " a liscensed attorney" counsel him to do.

#23. The Plaintiff after the court hearing advised the Defendant that he did not intend to continue under the false name , which the defendant knew very well / infact defendant was more than aware that Gabriel Hinojosa was not the Plaintiff's true name for the simple fact that the defendant had represented the Plaintiff on several criminal case matters, dating back from 1992- 1999.

#24. PLaintiff / plaintiff's mother Hilda Pesina during the wait period of the next sceduled court date which was May 21,1999. The Plaintiff and his mother spoke numberous times to the defendant about having the PLaintiff's true name revealed to the courts.

#25. The defendant told the Plaintiff and the plaintiff's mother that he had already fax/ filed the proper motion to have the Plaintiff's true name revealed.But the facts will show that the defendant never did file nor fax no such motion.

#26. Defendant upon appearing in Corpus Christi Texas for the May 21,1999, court. Defendant stated that he had obtained a bond/ that he would be bonding the Plaintiff out, so he needed to have money on hand prepared so he could pay the bond.The defendant was handed $5,000.00 for the bond that he knew very well never was.

#27. On May 21, 1999, the defendant told the Plaintiff to sign the indintment that was under the name of Gabriel Hinojosa. The Plaintiff refused to sign the indictment and asked the defendant to give him a paper and pen so that he could write down why he could not continue /nor sign the indictment under the false name Plaintiff had to write down the reason why, because the Defendant was telling plaintiff that the U.S. Marshal standing near by was going to hear.

#28. The plaintiff advised the defendant that he the plaintiff was not going to ask his mother and wife to testify at the hearing while plaintiff was still under the false name because plaintiff did not want his family to be involved in the matter

in which the defendant was misleading the plaintiff due to the lack of knowledge in criminal law.

#29. The defendant convinsed the plaintiff to sign the indentment by stating that he the "DEFENDANT" knew what he eas doing for plaintiff to trust in him and most of all listen to him.On May 21,1999 , the defendant did not accomplish anything only to ask his client the plaintiff to purgur himself to the courts.

#30. After the court for plaintiff had finished the plaintiff asked the defendant to show the letter where the plaintiff was demanding that the defendant reveal his true name to courts. FOR the defendant to show the plaintiff's mother who was angry for reasons that she to had made the journey from Harlingen to Corpus Christi Texas and had spoke with the attorney the defendan pertaining not to go another day without the courts being adviced of the plaintiff's true name.

#31. The plaintiff and the plaintiff's mother gave the defendant strict orders to go that instant and notify the courts of the plaintiff's true identity, which still the defendant did not do only to advise the pre -trial servises that he believed the plaintiff was under a false name,but the fact is the defendant was well aware that the plaintiff was under a false name.
#
32.The defendant even after been given orders by the U.S. Magis. trate Honorable Jane Cooperhill to file the proper motion right away to reveal the plaintiff's true name. The defendant dis reguarded the orders given to him and still did not file the motion as ordered.
#33
    The defendant since no bond was even obtained as he had sai and stated before intering the federal court house upon making the request for money to be available on hand that was going to needed for paying the bond. The defendant was strictly given the $5,000.00 for bonding out the plaintiff and was not for any other purpose it was agreed and understood. Yet, the defndant took it upon himself to still the $5,000.00 and when asked by the plaintiff and plaintiff's mother to return the $5,000.00 because there was no need for the defendant to stay with the mone $5,000.00 . The defendant took advantage of the situation that it was very little chance that plaintiff knew enough to file a complaint to see that the $5,000.00 was returned, same as the rest of the $20,000.00 . The defendant said he was going to keep the money for his personal expensces, at which time the plaintiff and plaintiff's mother made demands for the money to be returned but the plaintiff was unsuccessful in get that money back.

#34. After the plaintiff was unsuccessful in getting the $5,000.0 from the defendant. PLaintiff then tried to assure that the defendant filed the proper motion to reveal the plaintiff's true name and prayed that the defendant would obtain the bond which he already had the money for.But the defendant only lied to the plaintiff and stated that he had already fax and filed the proper motion to correct the false name , the defendant even went as far as to state that he had prepared a motion that was going to relieve the plaintiff of the charges against him.None of that ever happen and the defendant knew that for a fact ,the defendant was only tricking the plaintiff.

#35.The plaintiff was to conserned about the false name so he had his mother call the Pre-trail service and make sure that the courts were aware of the plaintiff's true name. But upon contacting the Pre-trail service the plaintiff and his mother discovered that the defendant had only been lying to the plaintiff.Thats when the plaintiff's mother the facts will show realy revealed the plaintiff's true name.

#36.Then in June 30,1999, appeared in federal court to represent the plaintiff was the defendant . Who when the courts were asking how come after knowing that Gabriel Guy Hinojosa was not the plaintiff's true name . But still knowing the truth of the matter tried to prosecute the plaintiff by saying plaintiff was refusing to have his true name revealed.The defendant if that was realy true ,which was all defendants plan to try and decieve the fed. courts.But the defendant as a liscensed attorney knew better than to even pertisipate in any wrong doind especially committing perjury or counseling a client to perjur himself in federal court the defendant was questioned why he never filed nor advised the courts.

#37.The defendant was caught lying and was told that he was dismist from proceeding ,for his appearance any way,but intern the Honorable Judge Janis GRAHM JACK ordered the U.S. attorney to file a grievense with the THE STATE BAR OF TEXAS.

#38.In January 2000 , when the plaintiff filed a complaint with the state bar of texas. The defendant continued to lie in his response to the complaint.
#
 39.Defendant stated in his response to the complaint that he had recieved $10,000.00 but then controdicted himself by stating that he was prepare to return $7,000.00 as he felt his services were worth $8,000.00.

#40.Defendant charges the plaintiff for (4) jail in person visits which never happened, there is no document that will ever show the defendat ever met with the plaintiff at the Anex County Jail.

#41.Defendant charges that he had (4) meetings with the U.S. attorney (4) meetings with the Pre-trial services , plus the phone calls made . The defendant only had to speak to the U.S. attorney ,and the pre-trial services personal because the courts wanted to know why the defendant knew of the false name but

never advised the courts , not even after the Honorable Magistrate ordered that the defendant file the proper motion to reveal the plaintiff's true name.The same goes for the meets that the defendant had with the plaintiff's mother.Plaintiff's mother shouldn't have had to be meeting with the defendant if the defendant would of done his job to up hold the laws of the united states/ texas laws.

#42.the defendant charges plaintiff for the trips to CORPUS Christi and for the court appearances in which the defendant lied in federal court , misrepresented the plaintiff. That court order givento the"DEFENDANT"to file the proper motion was not even acted upon by the defendant. The defendant did nothing to warrent or justify earning any part of the $20,000.00

#43.The defendant also gave false responses in his response to the complaint filed against him ,stating that the plaintiff told him that he had had changed his name legally in Austin Tx. That statement was also a lie.

#44.Defendant knew that the plaintiff was not Gabriel Hinojosa being the facts will show the defendant was plaintiff's attorney of representation in a verious resent criminal cases that occured in 1998-1999.

#45.

   IN the final jugdement that the state bar of texas handed down to the defendant , it will show the facts that will justify the claims made by the plaintiff. All the false responses and the defendant's action can be verified as devious.Because an attorney is not paid to lie,and try to decieve the U.S.States federal Courts. An attorney is supposed to up hold the laws, governed by what ever state the attorney is practicing law in. The defendant did not do any justice for the plaintiff ,much less properly or in a professional manner.THAT is why the state bar of texas found the defendant guilty of professional misconduct. Beccuse the Defendant Never faithfully," Honestly" Represented the "PlAINTIFF" interests, NOR DID DEFENDANT PROTECT the Rights OF PLAINTIFF AS PROVIDED UNDER THE CONSTITUTIONAL RIGHTS.

   PLAINTIFF because of the Defendants Actions, AND CONDUCT HAS SUFFERED INJURIES, Recognized as depression, Anxiety emotional destress ever since. PLAINTIFF HAS been under treatment for some time "Now".

46. The Plaintiff brought defendant's professional misconduct to the attention of the Court wh directed the U.S. attorney's office to file complaint with Texas Bar.

47. The Texas Bar sanctioned defendant $8,000 and 1 year probated suspension after finding him guilty of violating its state of Texas rules/regulations.

## IV. RELIEF

### COUNT I: DEPRIVATION OF EQUAL PROTECTION OF THE LAW AND OR INTENTIONAL DISCRIMINATION

48. Paragraphs 1 through 47 are incorporated and adopted as if set forth fully herein.

49. Pursuant to a plan devised among himself for the purpose of intentionally discriminating against or of depriving Mr. Pesina equal protection of the law, in either case due to his color, race or class being mexican american; defendant Olvera did perform the aforementioned acts and omissions in order to intentionally discriminate against Mr. Pesina which resulted in him being treated differently then the caucasian clentale of defendant and caused him to be injured in perpery and rights as set forth above, thereby violating 42 U.S.C. § 1981

### COUNT II: ATTORNEY MALPRACTICE

50. Paragraphs 1 through 49 are adoped and incorporated as if fully set forth herein.

51. Plaintiff does not have access to the Texas state law codes for malpractice nor the elements that must be satisfied and ask the Court to apply pro se liberal standards and permit him to provide such later once he obtains or is afforded counsel to represent him. He does realize however that the facts does set forth colorable claim of malpractice.

### COUNT III: COMMON LAW FRAUD AND DECEIT

52. Paragraphs 1 through 51 are adopted and inforporated as if set forth fully here.

53. Having made material representations that were false and which he knew to be false when he made them to Mr. Pesina, this Court et al, in a reckless amnner as he positively asserted them while intending to make the misrepresentations so that they can be acted upon and Mr. Pesina et al did in fact act in reliance upon them, and proximately caused damage to his property and rights, defendant Olvera did commit the act of Fraud and Deceit, thereby violating Texas state code correspondingly.

(**Note:** Plaintiff did manage to locate these elements via Collins v. Morgan Stan. d. Witter, 224 F.3d 496, 501 (5th Cir.2000)).

## CONCLUSION

Wherefore pursuant to jurisdiction herein, Mr. Pesinal demands compensatory damages in the sum of seventy-five-thousand dollars (75,000.00); punitive damages in the sum of One-hundred-thousand dallors ($100,000.00); and interests' , attorney's fees and costs, of this action.

## INJUNCTIVE RELIEF

Plaintiff request for this Court to enjoin defendant from committing any future acts of intentional discrimination and any other order the Court deems needed and proper.

I, Refugio R. Pesina, Jr., hereby declare that the foregoing is true and correct to the best of my knowledge and abilities pursuant to the hypothetical pleading standards allowed by F.R.Civ.P 8(e)(2). Executed at Marion, Ill on this _30_ day of August 2002. Pursuant to 28 U.S.C § 1746.

Respectfully submitted,

_____
Refugio R. Pesina, Jr.
P.O. Box 1000
Marion, IL. 62959