IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

OCT 9 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| REFUGIO R. PESINA<br>Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-02-156 |
| GUADALUPE OLVERA, III<br>Defendant | §<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is Refugio R. Pesina's ("Pesina") "Amended Complaint" (Docket No. 9) and Application to Proceed in Forma Pauperis (Docket No. 10) pursuant to 28 U.S.C. § 1915. For the reasons set forth below, it is recommended that the motions be denied.

### FACTUAL BACKGROUND

Pesina is currently incarcerated in the federal prison in Marion, Illinois. He is attempting to sue his former retained attorney, Guadalupe Olvera, who resides in Brownsville, Texas. Pesina previously filed an Original Complaint (Docket No. 1) on July 29, 2002, in the United States District Court for the Southern District of Texas - Corpus Christi Division, as well as an application to proceed in forma pauperis (Docket No. 2). Pesina's application to proceed in forma pauperis was denied without prejudice (Docket No. 5). The case was subsequently transferred by United States District Judge Janis Graham Jack to the Brownsville Division on August 11, 2002.

Pesina's original cause of action sought damages for legal malpractice but presented no basis for federal jurisdiction. United States District, Judge Andrew S. Hanen, of the Brownsville Division, entered a judgment on August 30, 2002, dismissing the case for lack of jurisdiction

(Docket No. 7). Pesina then filed an Amended Complaint as well as a new application to proceed in forma pauperis on September 12, 2002. Pesina's Amended Complaint sets forth his original cause of action for legal malpractice under state law and adds a new cause of action for racial discrimination under 42 U.S.C. § 1981.

## MOTION TO AMEND COMPLAINT

Pesina filed a document which he titled "Amended Complaint". However, the undersigned construes this as a Motion to Alter or Amend Judgment, under FED. R. CIV. P. 59(e). *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). *See also Lavespere v. Niagra Mach & Tool Works, Inc.*, 910 F.2d 167, 173-174 (5th Cir. 1990).

Motions to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory. *Simon v. U.S.*, 891 F.2d 115 (5th Cir. 1990). Although the district court has considerable discretion in deciding whether to reopen a case, that discretion is not limitless. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir. 1993). The task of the district court in such a case is to strike a proper balance between two competing interests. The first is the need to bring litigation to an end and the second is the need to render just decisions on the basis of all the facts. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990) (abrogated on other grounds, *Little v. Liquid Air Corporation*, 37 F.3d 1069 (5th Cir.1994) (en banc)).

Pseina is seeking to present a new legal argument under 42 U.S.C. § 1981, something which is prohibited by the court in *Simon*.

As the court has recommended that the motion to alter or amend judgement should be denied, there is no basis upon which to decide the application to proceed in forma pauperis.

## CONCLUSION

IT IS THEREFORE **RECOMMENDED** that Pesina's Motion to Amend or Alter Judgment and Application to Proceed in Forma Pauperis be **DENIED.**

IT IS FURTHER **RECOMMENDED** that Pesina be ordered not to file additional pleadings in this case.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 9th day October, 2002.

John Wm. Black
United States Magistrate Judge