United States District Court
Southern District Of Texas
Brownsville Division

United States Courts
Southern District of Texas
FILED
OCT 2 5 2002
Michael N. Milby, Clerk

| | |
|---|---|
| REFUGIO REYNALDO PESINA ) | |
| ) | CIVIL ACTION NO. B-02-156 |
| Plaintiff, ) | |
| ) | WRITTEN OBJECTIONS TO MAGISTRATE |
| v. ) | JUDGE'S REPORT AND RECOMMENDATION |
| ) | |
| GUADALUPE OLVERA, III ) | |
| ) | |
| Defendant. ) | |

NOW COMES the undersigned Refugio reynaldo Pesina, plaintiff in the above-captioned and numbered case by and through In Propria Persona and herein does submit his written objections pursuant to 28 U.S.C. 636(b)(1)(C). The grounds set forth in support thereof are the following:

I. Standard for Leave to Amend Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading "shall freely be granted when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The policy of the federal rules is to permit amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981). Thus, unless there exists a substantial reason for denying leave to amend, the district court should permit the filing of a proposed amendment. Id. The court must render its decision taking the complaint in the light most favorable to the plaintiff and taking its allegations as true. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). Pursuant to Fed.R.-Civ.P. 15(a), plaintiff submitted the accompanied Amended Complaint to replace the original Complaint. See Notice of Amendment (hereto attached and made a part hereof as exhibit A); See Motion To Invoke Supplemental Jurisdiction pursuant to 28 U.S.C. 1367(a) (hereto attached

and made a part hereof as exhibit B); See Face Cover of Amended Complaint (hereto attached and made a part hereof as exhibit C). Notwithstanding to the contrary, the magistrate judge was wrong to construe the amended complaint as an motion to amend complaint pursuant to Fed.R.Civ.P. 59(e), which constituted a miscarriage of justice. If this was the intention of the plaintiff, he would have pursued that avenue, instead he elected to follow the procedure set forth in Fed.R.Civ.P. 15(a). For this reason alone, the district court should reopen the case in the interest of justice.

II. There was basis for jurisdiction in the federal court

At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice to show an actual case or controversy as required by the Constitution. Article 3, §2, clause 1. Plaintiff alleged suffient injury to show an actual case or controversy at pleading stage in plaintiff's cause of action under §§ 28 U.S.C. 1331, 1343 and 42 U.S.C. 1981, 1983 and state common law. The subject matter jurisdiction of federal courts is limited to cases arising under the Constitution or laws of the United States. Hence, before a federal court can render a valid decision in a case, the plaintiff must show that he or she is being denied a right secured to him or her by either the Constitution or a specific federal statute. Bivens v. Six Unknown Named Agents, 403 U.S. 387 (1971) is predicated upon 28 U.S.C. 1331 (federal question). The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Cf. 28 U.S.C. 1343 (Civil rights and elective franchise) Pursuant to 28 U.S.C. 1343(a)(3) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person. To redress the deprivation. under color of any State law, statute, ordinance, regulation, custom or usage, of any right, priv-

ilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

III. Amount or value in controversy affecting jurisdiction

Satisfaction of diversity requirements, i.e. the amount in controversy and the citizenship of the parties, is determined as of the date that suit is filed. "Where jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with 'competent proof' and justify its allegations by a preponderance of evidence." (quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Satisfaction of 28 U.S.C. §1332(a) diversity requirements, i.e. the amount in controversy and the citizenship of the parties, is determined as of the date that suit is filed. The Civil Cover Sheet of the JS-44 section II. Basis of Jurisdiction Box 4 Diversity is checked and III. Citizenship of Principal parties Box 4 DEF is checked which does indicate Incorporated or Principal place of Business in this state. The JS-44 is (hereto attached and made a part hereof as exhibit D). In the Amended Complaint the plaintiff does seek compensatory damages in the sum of seventy-five-thousand dollars ($75,000.00); punitive damages in the sum amount of one-hundred-thousand dollars ($100,000.00); exclusive of interest and costs. Page nine of the Amended Complaint is (hereto attached and made a part hereof as exhibit E). Thus, the plaintiff has adduced sufficent evidence to meet the satisfaction of diversity requirements, i.e. the amount in controversy and the citizenship of the parties.

WHEREFORE, for the reasons stated above, the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation should be disregarded and that the plaintiff be allowed to prosecute his Original and Amended Complaint as prescribed by legal jurisprudence and that his Application to proceed in Forma Pauperis pursuant to 28 U.S.C. §1915 be granted also.

Respectfully submitted,

/s/ _____
Refugio Reynaldo Pesina Pro Se
Register #84234-079
U.S. Penitentiary
P.O. Box 1000
Marion, Illinois 62959

Date: 10-17-02

- 4 -

## NOTICE OF AMENDMENT

REFUGIO R. PESINA
    PLAINTIFF,

VS.

GUADALUPE OLVERA, III
    DEFENDANT,

CV-C-02-340

    PURSUANT to F R Civ P 15(a) , Plaintiff submitts the accompanying Amended Complaint to replace the original Complaint . According to this rule Plaintiff has the right to file such before the Defendant responds.

RESPECTFULLY SUBMITTED,

_____

MOTION TO INVOKE SUPPLEMENTAL JURISDICTION

---

PLAINTIFF REFUGIO R. PESINA, comes before this Honorable Court pursuant to 28 U.S.C. § 1367, Pro-Se requesting that he Court accept supplemental jurisdiction of this action's state law claims of Fraud and attorney Malpractice. To permit Plainttiff to prosecute this case in this forum.

The Plaintiff is a Federal Prisoner sentenced by the Federal Courts and is serving time in a Federal facility which does not provide any access to Texas State law provisions. As such Plaintiff was unable to cite upon his original Complaint corresponding state statutes relevent to the legal theories and content of the allegations.

Under Federal law 28 USC §1331 this Court has original jurisdiction of any claims that shows a violation under , interalia, laws of the U.S. which Texas is a part of. Title 28 USC § 1367 provides that supplemental jurisdiction can be exercised in which original jurisdiction exist.

Although the Plaintiff is unable to identify both State law Statutes by number Plaintiff is able to cite them generally by name . Namely: Texas State Statutes concerning Fraud and attorney Malpractice . Plaintiff prays that the Court will contrue his Pro-Se action liberally and allow Plaintiff to proceed under it's supplemental jurisdiction and effect an appropriate Amendment when Plaintiff obtains provision numbers.

RESPECTFULLY SUBMITTED,

_/s/ Refugio R. Pesina_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

REFUGIO R. PESINA
    PLAINTIFF,

VS.

GUADALUPE OLVERA, III
    DEFENDANT,

CV-C-02-340

## AMENDED COMPLAINT

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to 28 U.S. § 1331 , 42 U.S.C. § 1981 and The State of Texas statutes corresponding to Common Law Fraud and attorney Malpractice. The amount in controversy exceeds $75,000.00 exclusive of interest and cost. Supplemental/ Pendent Jurisdiction is also invoked via 28 U.S.C. § 1367 regarding Common Law Claims.

2. The claims for relief and cause of action arise under the Civil Rights Act 1866, as enacted via 42 U.S.C. § 1981; as well as The STate of Texas Codes for Fraud and attorney Malpractice.

### II. PARTIES

3. Plaintiff -REFUGIO R. PESINA, is a U.S. Citizen and is domiciled in The STate of Texas , in Harlingen, 78550. Plaintiff is presently located at, P.O. BOX 1000, IL. 62959.

4. Defendant Guadalupe Olvera, III, Esquire ( bar#15278675) is an individual who at all time relevant to this action was practicing law in The State of Texas as an, attorney licensed by the State Bar of Texas and operated under the bars regulations. The Defendant is located at 847 E. Harrison B.OX 46, Brownsville, Tex 78520
The Defendantis fully responsible for his " illegal"acts/ omiss-:

# CIVIL COVER SHEET

Rev. 07/89

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

#84234-079
Refugio Reynaldo Pesina

## DEFENDANTS

Guadalupe Olvera III
Attorney at Law

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Cameron County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

PRO-SE

ATTORNEYS (IF KNOWN)

David Diaz - Attorney at Law
809 South Port Avenue
Corpus Christi Tx. 78405
Phone- 361-883-8903

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Legal Malpractice Thru Fraud & Deceit
28USC§ 1331 & 1343..... 42USC § 1983 Bivens

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

PERSONAL INJURY
- ☒ 362 Personal Injury — Medical Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☒ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Other

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates, etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

legal malpractice

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 7-23-02
SIGNATURE OF ATTORNEY OF RECORD: Refugio Reynaldo Pesina   PRO-SE

UNITED STATES DISTRICT COURT

53. Having made material representations that were false and which he knew to be false when he made them to Mr. Pesina, this Court et al, in a reckless amnner as he positively asserted them while intending to make the misrepresentations so that they can be acted upon and Mr. Pesina et al did in fact act in reliance upon them, and proximately caused damage to his property and rights, defendant Olvera did commit the act of Fraud and Deceit, thereby violating Texas state code correspondingly.

   (Note: Plaintiff did manage to locate these elements via Collins v. Morgan Stan. d. Witter, 224 F.3d 496, 501 (5th Cir.2000)).

## CONCLUSION

Wherefore pursuant to jurisdiction herein, Mr. Pesinal demands compensatory damages in the sum of seventy-five-thousand dollars (75,000.00); punitive damages in the sum of One-hundred-thousand dallors ($100,000.00); and interests', attorney's fees and costs, of this action.

## INJUNCTIVE RELIEF

Plaintiff request for this Court to enjoin defendant from committing any future acts of intentional discrimination and any other order the Court deems needed and proper.

I, Refugio R. Pesina, Jr., hereby declare that the foregoing is true and correct to the best of my knowledge and abilities pursuant to the hypothetical pleading standards allowed by F.R.Civ.P 8(e)(2). Executed at Marion, Ill on this ___ day of August 2002. Pursuant to 28 U.S.C § 1746.

Respectfully submitted,

_____
Refugio R. Pesina, Jr.
P.B. Box 1000
Marion, IL. 62959