IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
ENTERED

DEC 1 9 2002

By Deputy Clerk

| | |  |
|---|---|---|
| REFUGIO REYNALDO PESINA | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-156 |
| | § | |
| GUADALUPE OLVERA, III | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending is Plaintiff's pleading styled "Amended Complaint" as well as an "Application to Proceed in Forma Pauperis," and "Motion for Appointment or Referal [sic] for Counsel." See Docket Nos. 9-11. Magistrate Judge John Wm. Black has rendered a report and recommendation, advising the Court to deny Plaintiff's motions and order Plaintiff to file no additional pleadings in this case. Docket No. 12. Plaintiff has duly filed objections to the report and recommendation. See Docket No. 13. Although it is not clear that Plaintiff's objections were timely filed, the Court has reviewed the entire record *de novo*. For the reasons set forth below, the Court denies all relief sought by Plaintiff and reaffirms its prior dismissal of the Plaintiff's action.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is presently incarcerated in a federal correctional facility located in Marion, Illinois. Docket No. 1 at 3. In this action, he is suing the Defendant, his former attorney, asserting violation of his constitutional rights, malpractice, and common law fraud and deceit. Docket No. 9 at ¶¶ 48-53. Jurisdiction is posited on 28 U.S.C. §§ 1331, 1343, 1367 and 42 U.S.C. §§ 1981, 1983. Docket No. 9 at ¶¶ 1-2; Docket No. 13 at 2.

Plaintiff originally filed suit in the Southern District of Texas, Corpus Christi Division, on July 29, 2002. Docket No. 1. On August 12, 2002, United States District Judge Janis Graham Jack transferred the case to the Brownsville Division pursuant to 28 U.S.C. § 1404(a). Docket No. 5.

The original complaint consisted solely of state law claims. See Docket No. 1 at 5-8. Accordingly, this Court entered judgment on August 30, 2002, dismissing the case for want of jurisdiction. Docket No. 7; see also Docket No. 6 (discussing dismissal for want of jurisdiction). Notwithstanding dismissal of the action and entry of a final judgment pursuant to FED. R. CIV. P. 58, Plaintiff subsequently filed his "Amended Complaint," as well as an application to proceed in forma pauperis and a motion for appointment or referral of counsel. See Docket Nos. 9-11.

## THE "AMENDED COMPLAINT"

When an action has been dismissed, there remains nothing to amend. Whitaker v. City of Houston, Texas, 963 F.2d 831, 834 (5th Cir. 1992). Plaintiff's proper remedy then would have been to: (a) file a motion to alter or amend the judgment pursuant to FED. R. CIV. P. 59(e), or (b) file a motion for relief from final judgment pursuant to FED. R. CIV. P. 60(b), or (c) file a timely appeal. Id. at 834 & n.11. Therefore, in light of the fact that Plaintiff is proceeding *pro se* and filed his "Amended Complaint" within ten days of the entry of final judgment, the Court construes his "Amended Complaint" as a motion to alter or amend judgment pursuant to FED. R. CIV. P. 59(e). See Bass v. United States Dept. of Agric., 211 F.3d 959, 962 (5th Cir. 2000) (per curiam) (construing motion for reconsideration filed within 10 days of judgment as a motion to alter or amend pursuant to Rule 59(e)); Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990) (distinguishing between motions styled as motions for reconsideration filed within ten days of judgment and those filed afterward and construing the former as motions to alter or amend judgment

pursuant to Rule 59(e)), overruled on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1076 n.14 (5th Cir. 1994) (en banc) (per curiam).

Plaintiff's original complaint was dismissed for want of federal jurisdiction. Docket No. 7. In its memorandum in support of that decision, the Court noted that the only conceivable basis of jurisdiction was diversity of the parties as per 28 U.S.C. § 1332. Docket No. 6. Both parties are, however, domiciliaries of Texas, notwithstanding Plaintiff's current incarceration in Illinois. See Docket No. 1 at 1, 4 (pleading domiciles of Plaintiff and Defendant); Docket No. 9 at ¶¶ 1-2 (same); Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996) ("'[S]ince domicile is a voluntary status, a forcible change in a person's state of residence does not alter his domicile; hence the domicile of [a] prisoner before he was imprisoned is presumed to remain his domicile while he is in prison."); Dreyer v. Jalet, 349 F. Supp. 452, 465 (S.D. Tex. 1972) ("It appears that an otherwise non-citizen of a state does not acquire a domicile, and hence citizenship, in a state merely because he happens to be incarcerated in that state. This is necessarily true, since there would be a total absence of intention or free choice to remain in the incarcerated state."), aff'd, 479 F.2d 1044 (5th Cir. 1973) (per curiam).

Plaintiff now seeks to alter the Court's judgment by arguing that there is federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1343 (jurisdiction regarding civil rights conspiracies under 42 U.S.C. § 1985), and 42 U.S.C. §§ 1981 (equal rights under the law), 1983 (civil action for deprivation of rights). See Docket No. 9 at ¶¶ 1-2; Docket No. 13 at 2. In support of these jurisdictional bases, Plaintiff submits an entirely new factual recitation, in which he asserts that the Defendant's alleged fraud and malpractice was motivated by the Plaintiff's ethnicity. See Docket No. 9 at ¶¶ 8-12, 49. Although Plaintiff's "Amended Complaint"

provides greater detail than his original complaint, the remainder of the former asserts the same fraud and malpractice claims.

## ANALYSIS

It is within the sound discretion of the Court to grant or deny a motion made pursuant to Rule 59(e). Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 353 (5th Cir. 1993); Lavespere, 910 F.2d at 174; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). The Court's discretion is bounded by "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." Bohlin, 6 F.3d at 355. Therefore, to warrant relief, such motions "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." Simon, 891 F.2d at 1159 (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). "Moreover, they cannot be used to argue a case under a new legal theory." Id.

As a preliminary matter, even if the Court were inclined to indulge Plaintiff's "Amended Complaint," his asserted bases for federal jurisdiction manifestly fall flat. Plaintiff names but one defendant and alleges no coconspirators, thereby precluding jurisdiction related to any civil rights conspiracy. See 42 U.S.C. § 1985 (requiring "two or more persons"). Likewise, there is no basis for a § 1983 suit because the Plaintiff's claims against privately retained counsel do not aver any facts that would satisfy the statute's state action requirement. See Morris v. Dilliard Dept. Stores, 277 F.3d 743, 747 (5th Cir. 2001) ("As a threshold matter, for a plaintiff to state a viable claim under § 1983 against any private defendant . . . the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law.").

Plaintiff's corresponding § 1981 claim does not require any such state action. See Oden v. Oktibbeha County, Mississippi, 246 F.3d 458, 463 (5th Cir. 2001) ("In Runyon, the Supreme Court reaffirmed that § 1981 implies a right of action based on racial discrimination against private actors."), cert. denied, 122 S. Ct. 341 (2001) and 122 S. Ct. 342 (2001). However, this cause of action falls prey to yet another deficiency that is fatal to all of Plaintiff's civil rights claims: the statute of limitations. Section 1981 specifies no statute of limitations. Accordingly, the Fifth Circuit defers to Texas's limitations period in suits arising in Texas. See Peter Henderson Oil Co. v. City of Port Arthur, Texas, 806 F.2d 1273, 1274 (5th Cir. 1987) ("In a federal civil rights action, the most appropriate state statute of limitation applies."). This period is two years. Byers v. Dallas Morning News, Inc., 209 F.3d 419, 424 (5th Cir. 2000); Peter Henderson, 806 F.2d at 1274-75; see also TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2002). Plaintiff initially filed this suit on July 29, 2002. Docket No. 1. The underlying legal representation that serves as the basis of the § 1981 contract discrimination claim occurred in 1999. On June 30, 1999, Plaintiff orally moved the district court to remove Defendant as his counsel; District Judge Janis Graham Jack orally granted said motion that day, thereby terminating the attorney-client relationship. See Docket Entries in Case No. 99-CR-134-1. Hence, Plaintiff's claims, which all stem from that representation or representations prior thereto, fall outside of the applicable statute of limitations. Therefore, even if it were to consider Plaintiff's "Amended Complaint" on the merits, the Court would deny Plaintiff any relief.

However, the Court need not reach such issues, because Plaintiff has failed to satisfy the requisites of a motion filed pursuant to FED. R. CIV. P. 59(e). Plaintiff is trying to do precisely that which is forbidden—argue a new legal theory after dismissal. Having had his case dismissed for

5

want of diversity, Plaintiff now reasserts the same state law claims with the addition of heretofore absent federal civil rights allegations.

Accordingly, Plaintiff's Rule 59(e) motion to alter or amend this Court's August 30, 2002 Judgment is **DENIED** and the Court's dismissal of Plaintiff's action for want of jurisdiction is **AFFIRMED**. Plaintiff's additional motions to proceed in forma pauperis and for appointment or referral of counsel are, therefore, moot. The Court's judgment is, of course, without prejudice to Plaintiff's right to refile his state law claims in the appropriate state forum.

**DONE** at Brownsville, Texas, this 18th day of December, 2002.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE